# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WALTER THOMAS and DESMOND BAILEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| VICTOR HILL, Clayton County Sheriff, in his individual capacity, and DOES 1-10, inclusive, | ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION

FILE NO: _____

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

NOW COMES, WALTER THOMAS and DESMOND BAILEY, Plaintiffs herein, and hereby submits this their Complaint for Damages, by and through counsel, against the above-named Defendants on the following grounds:

### JURISDICTION AND VENUE

**1.**

This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 1343. Venue in this district and division is proper under 28 U.S.C. § 1391 as the Defendants are located in the Northern District of Georgia, Atlanta Division, and the conduct complained of herein occurred in Clayton County [hereinafter "County"], Georgia and therefore within this district and division.

1

## PARTIES

**2.**

Plaintiff WALTER THOMAS (hereinafter "Thomas"), is now and was at the time of all occurrences described herein, a resident of Dade County, Florida, and at all time relevant hereto was a citizen of the United States of America entitled to all of the rights, privileges and appurtenances thereto.

**3.**

Plaintiff DESMOND BAILEY (hereinafter "Bailey"), is now and was at the time of all occurrences described herein, a resident of Clayton County, Georgia, and at all time relevant hereto was a citizen of the United States of America entitled to all of the rights, privileges and appurtenances thereto.

**4.**

Plaintiffs show that at all times relevant hereto, that Defendant VICTOR HILL (hereinafter "Defendant Hill") was the Sheriff of Clayton County, Georgia and that Defendant Hill is subject to the venue and jurisdiction of this Court. Sheriff Hill is sued in his individual capacity.

**5.**

Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff believes and

alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their intentional acts, breach of duty, management or control, and violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask for leave to amend this complain subject to further discovery.

a) In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the Clayton County Sheriff's Office.

b) In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

c) Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant and employee and/or in concert with each of said other Defendants herein.

## NATURE OF ACTION

**6.**

Plaintiffs assert their claims under 42 U.S.C. §§ 1983 and 1988 to recover for personal injuries and economic damages suffered while incarcerated as

pretrial detainees in the County Jail wherein they were each, at the express direction of Defendant Hill and with the assistance of Defendant DOES, strapped into a restraint chair for the purpose of punishment, and without serving any legitimate non-punitive governmental objective.

**7.**

Defendants' actions have deprived Plaintiffs of their paramount rights and guarantees provided under the Fourteenth Amendment of the United States Constitution and the laws of the State of Georgia.

**8.**

Plaintiffs file this Complaint for Damages to collect punitive damages from Defendants because each can prove by clear and convincing evidence that Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**9.**

Each and every act of Defendants alleged herein was committed under the color of state law and within the scope of their discretionary functions when they chose to order, authorize and institute the punitive restraint and physical abuse of Plaintiffs.

**10.**

At all times relevant to this action, Defendant Hill was the elected County Sheriff and Defendant DOES were his sworn deputies. Pursuant to their oath of office, Defendants swore to uphold and enforce the Constitution and laws of the United States and the State of Georgia within the County.

## STATEMENT OF FACTS

(Walter Thomas)

**11.**

On around 12:30 p.m. on May 11, 2020, Thomas was driving southbound along I-75 in Clayton County, Georgia, returning home to Florida, when he was pulled over by a Georgia State Trooper.

**12.**

The Trooper approached Thomas' vehicle and asked for his license and registration. Upon learning that Thomas' license was suspended, the Trooper arrested Thomas, placed him in handcuffs and took him to the County Jail. Although Thomas was crying and pleading with the Trooper, he was compliant and non-threatening during his detention, arrest and transport.

**13.**

During the booking process at the County Jail, Thomax was confronted by Defendant Hill and several Sheriff's Deputies. Despite being compliant, non-threatening and exhibiting no behavior which would justify the use of

restraints whatsoever, Defendant Hill ordered Thomax strapped to a restraint chair with his arms handcuffed behind him and his legs shackled.

14.

A white cloth bag was then placed over his head again for no justifiable reason.

15.

Shortly after being restrained, Thomax was punched in the face by an unidentified Sheriff's deputy or jailor, injuring his lip and jaw.

16.

Thomas was left in the room restrained for approximately 5-6 hours without medical attention and without the ability to relieve himself, forcing him to urinate on himself.

17.

During the booking process, Thomax was verbally taunted by deputies, including calling him a "nigger" and a "punk ass", and told by one deputy that if he had wanted to hit him, he would have hit him when he first came into the jail.

18.

During the booking process, Thomas was forced for some reason to take off his orange jail jumpsuit and sit naked in a room for hours on end, with only a paper gown to cover him.

6

**19.**

Thomax was never given the opportunity to make a phone call to his family or to his work to inform them of his false imprisonment and abuse.

**20.**

Other than a cursory "once over" by a nurse, Thomas was not provided any medical attention while in the jail facility.

(Desmond Bailey)

**21.**

On February 6, 2020, Bailey was arrested for drug and firearm possession. While officers were executing a search warrant, Bailey left his house in a car requiring officers to follow him before they could stop and arrest him.

**22.**

Bailey was compliant and non-threatening during his detention, arrest and transport to the jail.

**23.**

During the booking process, Bailey was placed in a holding cell where he was soon visited by detectives seeking to question him about his alleged offenses. Bailey told the detectives he did not want to speak with them without a lawyer present and the detectives left.

**24.**

Several hours later, Defendant Hill, the detectives, and members of the Scorpion Response Team arrived, and Defendant Hill questioned Bailey about the alleged offenses.

**25.**

When Bailey again refused to answer questions without a lawyer present, Defendant Hill replied, "You think you're a big badass. Oh, you think you're a gangster. Put his ass in the chair."

**26.**

On Defendant Hill's orders, officers strapped Bailey into a restraint chair where he sat, with his hands cuffed behind his back, for six hours.

**27.**

Bailey's handcuffs were so tight that his wrists and hands eventually went numb. Further, the handcuffs caused Bailey to suffer open and bleeding cuts on both wrists, which required medical treatment and left scars.

<u>SUBSTANTIVE ALLEGATIONS</u>
**COUNT ONE: EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE TO THE UNITED STATES CONSTITUTION ENFORCED VIA 42 U.S.C. § 1983.**
**(All Defendants)**

**28.**

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

**29.**

Upon being arrested and booked into the Clayton County Jail as pretrial detainees, Plaintiffs were personally visited by Defendant Hill who ordered Defendant DOES to strap Plaintiffs into a restraint chair without any rational justification related to a legitimate non-punitive governmental purpose.

**30.**

At no time during their incarceration did Plaintiffs make any statements, exhibit any behavior, or take any action that would indicate they were a threat to themselves or others. Moreover, Plaintiffs were compliant and non-threatening during the entirety of their incarceration.

**31.**

Defendants' restraint and use of force against Plaintiffs was wholly unnecessary, objectively unreasonable, and served no legitimate non-punitive governmental purpose.

**32.**

Defendants acted with actual malice and with the specific intent to injure Plaintiffs.

**33.**

Defendants were acting under the color of law and are liable for damages arising from the punitive restraint and excessive force used against Plaintiffs.

## COUNT TWO: DAMAGES
## (All Defendants)

**34.**

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

**35.**

As a result of Defendants' conduct, Plaintiffs have incurred loss of liberty, shame, and humiliation, along with other physical and mental pain and suffering and will continue to suffer into the future.

**36.**

As a result of Defendants' conduct, Plaintiffs have incurred special damages in an amount to be proven at trial.

**37.**

All of the Defendants' actions complained of in this Complaint showed actual malice, willful conduct, wantonness, oppression or the entire want of care which raises the presumption of conscious indifference to consequences. Defendants' acts were taken to harm Plaintiffs and to deprive them of their constitutional rights.

**38.**

Plaintiffs should be awarded actual damages as well as punitive damages in an amount sufficient to deter, penalize, and punish Defendants in

light of the circumstances of this case.

## COUNT THREE: ATTORNEY'S FEES
### (All Defendants)

**39.**

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

**40.**

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to an award of reasonable attorney's fees and costs of litigation.

**WHEREFORE PLAINTIFFS PRAY:**

(a) that Defendants be served with a copy of this Complaint and process as provided by law;

(b) that Plaintiffs recover of Defendants special and general damages as proven at trial;

(c) that Plaintiffs recover punitive damages against Defendants;

(d) that Plaintiffs recover costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988;

(e) that Plaintiffs have a trial by jury;

(f) that Plaintiffs have such further relief as the Court may deem just and proper;

***DEMAND FOR JURY TRIAL***
Plaintiffs request trial by jury for all issues so triable.

Respectfully submitted this 7th day of May, 2024.

/s/ Darryl L. Scott
Darryl L. Scott
Georgia Bar No. 635479
Attorney for Plaintiffs

Law Office of Darryl L. Scott, LLC
33 Jonesboro Street
McDonough, GA 30253
(770) 474-5646
darryl@dscottlawoffice.com

## **FONT CERTIFICATION**

I, Darryl L. Scott, do hereby certify that this document has been prepared in Century Schoolbook font, 13 point, in compliance with LR 5.1C of this Court.

>  */s/ Darryl L. Scott*
> Darryl L. Scott
> Georgia Bar No. 635479
> darryl@dscottlawoffice.com

Law Office of Darryl L. Scott, LLC
33 Jonesboro Street
McDonough, GA 30253
(770) 474-5646
darryl@dscottlawoffice.com